UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

THOMAS A. LUTZ,

                      Plaintiff,

    v.                                          No. 9:19-CV-0262
                                                           (BKS/CFH)

ELIZABETH O'MEARA; et al.,

                      Defendants.

---

**APPEARANCES:**                                      **OF COUNSEL:**

THOMAS A. LUTZ
Plaintiff, pro se
131 Haviland Road
Poughkeepsie, New York 12601

HON. LETITIA JAMES                           JORGE A. RODRIGUEZ, ESQ.
Attorney General for the                     Assistant Attorney General
State of New York
The Capitol
Albany, New York 12224-0341
Attorney for Defendants

**CHRISTIAN F. HUMMEL
U.S. MAGISTRATE JUDGE**

## REPORT-RECOMMENDATION AND ORDER[1]

    Pro se plaintiff Thomas Lutz ("Lutz" or "Plaintiff"), a former inmate who was in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), commenced this action pursuant to 42 U.S.C. § 1983, alleging that defendants – who, at all relevant times, were employed at Gouverneur Correctional Facility ("Gouverneur C.F.") – violated his constitutional rights under the Eighth and First

---

[1] This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

Amendments. Dkt. No. 1 ("Compl."). Presently pending before the Court is defendants' Motion to Dismiss pursuant to Rule 41 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). Dkt. No. 31. For the following reasons, it is recommended that Defendants' motion be granted.

## I. BACKGROUND

On February 25, 2019, Lutz commenced this action by filing a complaint and an application to proceed in forma pauperis ("IFP"). See Compl.; Dkt. No. 2. At the time, Lutz was incarcerated at Gouverneur C.F. See Compl. at 2. On April 12, 2019, District Court Judge Brenda K. Sannes granted Plaintiff's IFP application, and, upon initial review pursuant to 28 U.S.C. §§ 1915, 1915A, permitted the matter to proceed to the extent that Plaintiff asserted Eighth Amendment claims against defendants Gonyea, Bonno, Colgut, Gates, Beane, and John Doe #1, #2, and #3, and First Amendment retaliation claims against defendants Guarin, Gonyea, French, Theriault, O'Meara, and Demmon. See Dkt. No. 4.

On June 11, 2019, Plaintiff notified the Court that he would be released from custody on June 20, 2019 and provided a new address. See Dkt. No. 13. On July 12, 2019, the undersigned issued a Mandatory Pretrial Discovery and Scheduling Order setting discovery and motion deadlines. See Dkt. No. 15. The undersigned directed Plaintiff to produce specific documents to defendants, and granted defendants leave to conduct Plaintiff's deposition. See id. at 1-2, 5. On October 1, 2019, Defendants served Plaintiff a document entitled Defendants' Request for Production of Documents and a Notice of Deposition, dated October 1, 2019. See Dkt. No. 31-2. The Notice of Deposition requested Plaintiff's

appearance on December 5, 2019, at the offices of the New York State Attorney General. See id. at 31-2 at 15-16.  On October 28, 2019, the undersigned granted Plaintiff's request for an extension of time to comply with the Mandatory Pretrial Scheduling Order.  See Dkt. No. 18.

Plaintiff did not respond to the discovery demands, and, on December 4, 2019, at 6:30 P.M., Plaintiff advised defense counsel, via voicemail, that he would not appear at the deposition.  See Dkt. No. 31-1 at ¶8; Dkt. No. 31-3 at 2.  On December 5, 2019, Defendants mailed a letter to Plaintiff requesting a response to the outstanding discovery demands. See Dkt. No. 31-3.

On January 14, 2020, the Court issued a text order scheduling an in-person discovery conference for January 28, 2020.  See Dkt. No. 24.  At the conference, the parties discussed the outstanding discovery issues, and the Court extended the discovery and dispositive motion deadlines.  See Text Minute Entry dated January 28, 2020.  On January 28, 2020, Defendants mailed a copy of the October 1, 2019, Request for Production of Documents to Plaintiff.  See Dkt. No. 31-1 at ¶13; Dkt. No. 31-4.

On March 4, 2019, the Court issued a Notice scheduling a telephone conference for March 17, 2020.  See Dkt. No. 27.  The undersigned directed the parties to telephone chambers at that scheduled date and time, and advised Plaintiff that he must immediately inform the Court if he was unable to appear.  Id.  On March 9, 2020, Defendants mailed a letter to Plaintiff requesting a response to the outstanding discovery demands.  See Dkt. No. 31-1 at ¶14; Dkt. No. 31-5.  Plaintiff failed to appear for the March 17, 2020 conference, and did not otherwise contact the Court.  See Text Minute Entry dated March 17, 2020.

On April 27, 2020, Defendants requested an order from the Court directing Plaintiff to respond to the outstanding Production of Documents and for leave to file a motion to dismiss if Plaintiff failed to provide responses within the time frame set by the Court. See Dkt. No. 29.  On April 27, 2020, the undersigned directed Plaintiff to respond to Defendants' Request for Production of Documents within thirty days and granted Defendants' request for leave to file a motion to dismiss for failure to comply with discovery obligations.  See Dkt. No. 30.  The undersigned also set a new deadline for discovery, June 26, 2020, and a new deadline for dispositive motions, August 26, 2020.  Id.  On June 18, 2020, Defendants filed the pending motion to dismiss.  See Dkt. No. 31.  Plaintiff did not file a response to the motion to dismiss, did not respond to the discovery demands, and did not otherwise contact the Court.

## II.  DISCUSSION[2]

Fed. R. Civ. P. 41(b) provides that the Court may, in its discretion, order dismissal of an action based upon a plaintiff's failure to prosecute or comply with an order of the court. See Fed. R. Civ. P. 41(b); Baptiste v. Sommers, 768 F.3d 212, 216 (2d Cir. 2014); Rodriguez v. Goord, No. 9:04-CV-0358 (FJS/GHL), 2007 WL 4246443, at *2 (N.D.N.Y. Nov. 27, 2007).  The Court's discretion should be exercised when necessary to "achieve the orderly and expeditious disposition of cases."  Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962). In addition, it should be exercised with caution and restraint because dismissal is a particularly harsh remedy, especially when invoked against a pro se plaintiff.

---

[2] Copies of all unreported decisions cited in this decision have been appended for the convenience of the pro se plaintiff.

4

See Baptiste, 768 F.3d at 216-17. To that end, a determination of whether to dismiss an action pursuant to Rule 41(b) is informed by consideration of the following five specific factors:

> (1) the duration of the plaintiff's failure to comply with the court order,
>
> (2) whether [the] plaintiff was on notice that failure to comply would result in dismissal,
>
> (3) whether the defendants are likely to be prejudiced by further delay in the proceedings,
>
> (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and
>
> (5) whether the judge has adequately considered a sanction less drastic than dismissal.

Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996) (citing Jackson v. City of New York, 22 F.3d 71, 74 (2d Cir. 1994)); Alvarez v. Simmons Mkt. Research Bureau, Inc., 839 F.2d 930, 932 (2d Cir. 1988)). In general, "no one factor is dispositive." Shannon v. Gen. Elec. Co., 186 F.3d 186, 194 (2d Cir. 1999) (internal quotation marks and citation omitted). "When imposed, the sanction of dismissal 'operates as an adjudication upon the merits,' but may be without prejudice if so specified by the court imposing it." Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 43 (2d Cir. 1982) (quoting FED. R. CIV. P. 41(b)).

As to the duration of Plaintiff's failure to comply, this factor weighs in favor of dismissal. The Complaint was filed on February 25, 2019. As such, almost two years have elapsed since the filing of the action, yet discovery has not been completed. The last communication that the Court received from Plaintiff was on January 28, 2020, nearly a

5

year ago, when Plaintiff appeared at the discovery conference. See Text Min. Entry dated Jan. 28, 2020. Plaintiff has failed to communicate with the Court or defense counsel for eleven months. Although there is no bright-line rule setting forth a duration of a plaintiff's failure to communicate that would warrant dismissal, courts have, for example, found that even eight months of no communication weighs in favor of dismissal for failure to prosecute. See McNamme v. Schoharie Cnty. Jail, No. 06-CV-1364 (LEK/GHL), 2008 WL 686796, at *11 (N.D.N.Y. March 10, 2008) (recommending dismissal after the plaintiff failed to communicate for eight months); Nieves v. Mueller, No. 9:07-CV-0003 (LEK/GHL), 2008 WL 4663361, at *2 (N.D.N.Y. Oct. 20, 2008) (citing cases for the proposition that "[g]enerally, durations of this length in time — nine months — are sufficient to weigh in favor of dismissal."); see also Lee v. Graziano, No. 9:12-CV-1018 (FJS/CFH), 2014 WL 1393952, at *3 (N.D.N.Y. Apr. 9, 2014) (granting dismissal where the plaintiff failed to take any action in the case for over fourteen months); Smith v. Graziano, No. 9:08-CV-469 (GLS/RFT), 2010 WL 1330019, at *3 (N.D.N.Y. Mar. 16, 2010) (granting dismissal where the plaintiff failed to communicate with the Court or the defendants for "more than six months."). Moreover, during the last year, Plaintiff failed to serve documents pursuant to the Court's April 2020 Order in response to Defendants' October 2019 discovery demands, which includes authorizations for medical records; failed to respond to Defendants' Deposition Notice; and failed to respond to Defendants' motion to dismiss. Thus, this factor weighs in favor of dismissal for failure to prosecute.

   Second, as to whether Plaintiff was on notice, this factor weighs in favor of dismissal as well. The scheduling order advised Plaintiff that, "[t]he failure of the plaintiff(s) to attend, be

sworn, and answer appropriate questions may result in sanctions, including dismissal of the action[.]" See Dkt. No. 15 at 5. Similarly, in the Court's April 2020 Order, Plaintiff was notified that if he failed to respond to Defendants' Request for Production of Documents within thirty days, Defendants were permitted to file a motion to dismiss for failure to prosecute. See Dkt. No. 30. Thus, Plaintiff was on notice that failing to comply with Court orders or otherwise participate in this action could result in such dismissal.

With respect to prejudice, Defendants' inability to depose Plaintiff or collect necessary documents to defend this matter weighs in favor of dismissal. See Antonios A. Alevizopoulos & Assocs., Inc. v. Comcast Int'l Holdings, Inc., No. 99-CV-9311, 2000 WL 1677984, at *3 (S.D.N.Y. Nov. 8, 2000) (finding that the defendants' inability to depose the plaintiff "makes it difficult, if not impossible [for the defendants] to defend the lawsuit" and weighs in favor of Rule 41(b) dismissal). Very little progress has been made in this matter due to Plaintiff's failure to respond to Defendants' inquiries and Plaintiff's lack of communication. Further, due to Plaintiff's delay, witness' and parties' recollection of these events has likely faded and will continue to fade, further prejudicing defendants. See Georgiadis v. The First Boston Corp., 167 F.R.D. 24, 25 (S.D.N.Y. 1996) ("[t]he passage of time always threatens difficulty as memories fade.").

The fourth factor addresses the balance between the Court's interest in functioning efficiently, and the plaintiff's interest in having an opportunity to be heard. Lucas, 84 F.3d at 535 (internal citations omitted). Plaintiff's action has been pending for nearly two years. See Compl. The undersigned concludes that "[p]laintiff's continu[ed] failure to comply with court orders [or] participate in discovery has significantly delayed the resolution of this

7

matter, thereby contributing to the Court's congestion." Perez v. Wallace, No. 1:15-CV-240 (GTS/CFH), 2016 WL 2865737, at *3 (N.D.N.Y. Apr. 11, 2016).

Finally, the Court must consider whether a lesser sanction than dismissal would be appropriate. Lucas, 84 F.3d at 535 (internal citations omitted).  The undersigned is cognizant of Plaintiff's pro se status; however, it is clear that sanctions less extreme than dismissal will not be effective in this case.  Thus, mindful of the principles of law set forth herein, the undersigned determines that dismissal is appropriate in this matter.  Plaintiff's failure to communicate with Defendant and the Court since January 2020 establishes his intent to abandon this action.  Moreover, his complete inactivity and disregard of the Court's notices and orders demonstrates that there is no meaningful way to secure Plaintiff's appearance before the Court to litigate this action.  See McKnight v. J. Ferrick, et al., No. 9:16-CV-0957 (TJM/DEP), 2017 WL 3172794, at *3 (N.D.N.Y. June 30, 2017) ("[P]laintiff's failure to communicate, which by now is nearly six months, weighs in favor of dismissal . . . [a]lthough the length of plaintiff's delay to date is not exceedingly long, there is no indication of an end to his inactivity.").  As noted, plaintiff was warned that failure to participate in discovery and appear for a deposition may result in dismissal of his action; however, he still chose to disregard these warnings by declining to participate in the action he commenced.  Given Plaintiff's apparent abandonment of this action and his ongoing refusal to comply, despite being warned of the consequences, the undersigned finds that imposition of any lesser sanction would not motivate plaintiff to litigate this action.

The undersigned has considered all of the relevant factors and concludes that they weigh in favor of dismissal.  Notwithstanding, in light of Plaintiff's pro se status, it is

recommended that the dismissal of the action be without prejudice. See Cintron v. Gettman, No. 9:15-CV-0542 (BKS/TWD), 2017 WL 2303604, at *4 (N.D.N.Y. May 1, 2017) (recommending dismissal of the pro se plaintiff's action be without prejudice for failure to appear for two scheduled depositions); Perkins v. Rock, No. 9:12-CV-0459 (LEK/RFT), 2014 WL 4988224, at *4 (N.D.N.Y. Oct. 7, 2014) (recommending dismissal of the plaintiff's action for failure to prosecute be without prejudice); Jones v. Hawthorne, No. 9:12-CV-1745 (GTS/RFT), 2014 WL 2533166, at *3 (N.D.N.Y. June 5, 2014) (same).  Thus, the balance of factors support a determination that Defendants' Motion to Dismiss must be granted.

### III.  CONCLUSION

**WHEREFORE**, for the reasons stated herein, it is hereby

**RECOMMENDED**, that defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 41(b) (Dkt. No. 31) be **GRANTED** and Plaintiff's Complaint (Dkt. No. 1) be **DISMISSED without prejudice**; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order on all parties in accordance with the Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**.  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Secretary of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); FED R. CIV. P. 6(a), 6(e), 72.4

**IT IS SO ORDERED.**

Dated: January 5, 2021
     Albany, New York

*Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge